<u>IN THE UNITED STATES DISTRICT COURT</u>
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **HEATHER SHIELDS ET AL**  } | |
|              } | |
| **Plaintiffs**         } | |
|              } | |
| **v.**                 } | |
|              } | |
| **ATLANTIC COASTAL**    } | |
| **DEVELOPMENT CORP. ET AL**  } | |
|              } | |
| **Defendants**       } | |
|  } | **Case No. 1:10-cv-00338 JRM** |
|              } | |
| **ATLANTIC COASTAL**    } | |
| **DEVELOPMENT CONTRACTORS**  } | |
|              } | |
| **Third Party Plaintiff**  } | |
|              } | |
| **v.**                 } | |
|              } | |
| **CERTAIN UNDERWRITERS AT**  } | |
| **LLOYD'S**            } | |
|     **(misnamed "Lloyds of London)**  } | |
|              } | |
| **Third Party Defendant**  } | |

<u>COUNTER COMPLAINT FOR DECLARATORY JUDGMENT</u>

        Certain Underwriters at Lloyd's ("Lloyd's), by its attorneys Howard S. Stevens, Jason R. Potter

and Wright, Constable & Skeen, LLP, moves this Court under 28 U.S.C. §2201 to declare the rights and

obligations of the parties under a certain contract for insurance entered into by Atlantic Coastal

Development Contractors and Lloyd's, as further described in paragraph 9 of the Third Party Complaint.

In support thereof, Lloyd's states:

1.      This is an action for a declaratory judgment pursuant to 28 U.S.C.A. § 2201, for the purpose of determining a question of actual controversy between the parties as more fully appears below.

2.      The Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Venue is appropriate in this Court as the Agreement that is the subject of this Complaint is a Maryland contract.

3.      On or about September 3, 2008, Third Party Defendant/Counter Claim Plaintiff Certain Underwriters at Lloyd's entered into a contract for insurance with Atlantic Coastal Development Corp. (the "Insured"), namely a contract of insurance identified as Policy TPATE007724 (the "Policy.")  To the extent that Third Party Plaintiff Richard Benson asserts that he is also an "Insured", then the term Insured as used herein included Mr. Benson.

4.      In or around October 2008 the Insured, while conducting residential construction/remodeling operations for the Plaintiffs, which construction activity included roofing construction and related activities, the Insured caused significant damage to the Plaintiffs' home.

5.      Thereafter, in the days or so after the Insured caused the initial damage to the Plaintiffs home, the Insured fully and completely demolished the remaining portions of the Plaintiffs' home, and disposed of it utilizing trash dumpsters and commercial disposal means.

6.      Lloyd's is informed, and therefore believes, that the demolition of the remaining portion of the Plaintiffs' home was performed with the Plaintiffs knowledge and approval.

7.      Then, in or around December 2008, after the passing of approximately two (2) months time, and at a time when no physical evidence of the construction project or the home remained, the Insured first made a claim upon Lloyd's for coverage under the Policy.

8.      Lloyd's, after diligently reviewing and investigating the claim of the Insured, denied the claim for indemnity for the loss of the Plaintiffs' home, and has denied coverage for any defense in this instant action.

9.      The grounds, *inter alia,* that exist under the Policy upon which Lloyd's has denied coverage to the Insured for the Plaintiffs' losses include but are not limited to:

a)  The application of the "Roofing Operations Exclusion" that is part of the Policy;

b)  The failure of the Insured to timely notify Lloyd's of the potential claim and the losses, as was required by the Policy;

c)  The failure of the Insured to preserve the scene where the loss(es) occurred so that Lloyd's interests and rights were not prejudiced, and so that a proper investigation, and salvage, could have taken place; and

d)  The Insured's offer to the Plaintiffs to compensate them for the loss(es) in contravention of the terms of the Policy.

10.      In addition to these defenses and Policy exclusions, Lloyd's contends that any losses that may have been suffered on account of the Insured and/or its agents, employees or subcontractors are not losses covered under the Policy, nor are they of the nature that Lloyd's would be obligated to provide a defense to the Insured, because some or all of the losses were "intended or expected" from the standpoint of the Insured, within the meaning of "Coverage Part A, Exclusion 2(a)" of the Policy.

11.     On account of the dispute that exists between Lloyd's and the Third Party Plaintiffs under the Policy with respect to the losses of the Plaintiffs, this action is ripe for this Court's determination and review.

WHEREFORE, Certain Underwriters at Lloyd's pursuant to 28 USC §2201 respectfully prays this Honorable Court to:

1)  To declare the rights and obligations of the parties under the Policy;

2)  To specifically declare that Lloyd's owed no duties of indemnity or of defense to the Third Party Plaintiffs under the terms of the Policy in question;

3)  To declare that Lloyd's did not breach its contract with the Insured;

4)  Grant costs in favor of Lloyd's, and such other and further relief as may be proper.

/s/ *Howard S. Stevens*
Howard S. Stevens #25587
WRIGHT, CONSTABLE & SKEEN, LLP
One Charles Center, 16th Floor
100 North Charles Street
Baltimore, Maryland 21201-3812
Ph. (410) 659-1309
*Attorneys for Certain Underwriters at Lloyd's*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of February 2010 a copy of the foregoing Counterclaim was uploaded to the Electronic Filing Systems of the U.S. District Court of Maryland (Northern Division) for service upon the following parties to this action:

Alan Hilliard Legum                         V. Timothy Bambrick
Alan Hilliard Legum, P.A.                   Geneau M. Thames
275 West Street, Suite 305                  Niles, Barton & Wilmer, LLP
Annapolis, Maryland 21401                   111 S. Calvert Street, 14th Floor

Ph. (410) 263-3001
Attorneys for Plaintiffs

Mark Van Bavel
Mark Van Bavel, P.A.
10 N. Calvert Street, Suite 215
Baltimore, Maryland 21202
Ph. (410) 385-1313
Attorneys for Defendant/Third Party Plaintiff
Atlantic Coastal Development Contractors, Inc.
and, Cyril Richard E. Benson
Third Party Plaintiff

Baltimore, Maryland 21202
Ph. (410) 783-6300
Attorneys for Defendant Allstate Insurance Co.

/s/ *Howard S. Stevens*
Howard S. Stevens